Good morning, Your Honors. May it please the Court, David Norris for Desert Financial Credit a single sentence in the Arizona Supreme Court's decision in Cornell to commit three separate legal errors. First, the District Court erred by holding that Cornell altered the restatements test rather than adopting it. Second, the District Court erred by holding that Cornell rejects the incorporation by reference doctrine. And third, the District Court erred by denying Desert Financial's modification under Restatement Section 3B, based on the supposed lack of notice as to the opt-out, when no opt-out is required under Restatement Section 3B. Would you go right into the second factor of the restatement test and tell us why you should prevail? And just so we're clear, by the second factor, do you mean a reasonable opportunity to reject the proposed change and reasonable notice of that opportunity? The notice, where you've got a hyperlink or a link that's taking you to terms and conditions. Do you mean incorporation by reference? Correct. The banner, so the banner gave certain information, but then you had to go into a hyperlink to get the part that actually talked about opt-out. Is that fair? Is that a fair reading of the record? That is correct. Okay, so, I'm sorry, I didn't mean to usurp your question. No, you probably improved it. So, then, why is it that it was adequate notice if the banner, which was highly visible, did not include the language that she had to go into the link to find? That's my question. Sure, Judge Rawlinson. I would point the Court to Illustration 6 from the restatement Section 3, and Illustration 6 says that if you include information about the change in terms at the back of the monthly statement, that is a sufficient way, that is reasonable notice of the modification. So, if she had a physical statement. Correct. And you put something on the back of that statement, that would be sufficient. So, is it your argument that putting a link is the equivalent of putting a statement on the back of a physical statement, putting information on the back of a physical statement? That's correct, Judge Rawlinson, except for I would say Desert Financial did one better, is instead of just putting something at the back of the physical statement, we put a bright orange and blue banner at the very top of the first page of the statement that took up a third of the page and said, notice, we are changing our terms to change how we will resolve legal disputes. But Illustration 6 says that that satisfies the notice requirement of A1. What about A2, which seems to really be the focus here? Well, it is true that Illustration 6 talks about A1. That's correct. But Illustration 6 is talking about the reasonableness of the notice of the proposed modification. And so, if telling consumers, if just alerting them to the fact that there is a modification at all is sufficient if you put it at the very back of the proposed statement, then putting a bright orange banner on the top, alerting them that there's been a change, and then putting information about the opt-out through a link, which is equivalent to attaching it to the back of a ---- Well, but that isn't A2, though. I mean ---- A2 says that the consumer has to receive reasonable notice of the opportunity to reject the proposed modified term. Correct. The banner didn't have that. You agree. The banner did not give notice of the ability to reject the terms. I disagree with that. The banner itself, it was not written on the banner. Sure. I agree that within the four corners of the banner, the words opt-out did not appear. Within the banner ---- Is there anything equivalent to opt-out within the four corners? Well, I guess, not to get tied up in semantics, but I guess what it means, anything equivalent, because there is a link that says, if you want more information about the change in terms, click this link for that more information. As the district court correctly held, it could not envision how a reasonable consumer ---- For A2, you're relying entirely on material that they would find if they click through the link. There's no component of the A2 notice that's also in the banner. Correct, but that is our position on what the legal error in this case was. No, but illustration six in A1 is you've got something in the banner, and the rest of it you'll find in the link. Here, nothing on the opt-out is in the banner. It's all in the link, and it seems to read the reasonable notice of opt-out requirement out of the test. I disagree for a couple reasons, one of the reasons being that the test for reasonable notice in the restatement, restatement three, comment three, is the totality of the circumstances test. That's how you assess whether the notice is reasonable, is you look at the totality of the circumstances. That includes things like the clarity, the sequence, the flow of how the consumer is feeling. There is a flow of information, one banner or one disclaimer to another one. It talks about the totality of the consumer's interactions with the businesses, and the ease and simplicity with which a consumer can identify the terms themselves. And, counsel, what is the standard of review here? Are we analyzing de novo whether the totality is satisfied, or are we deferring to what the district court determined? I would say there's two, I would say two potentially separate questions, both of which are de novo. So the first question, which is our first point in this appeal, is the district court applied the wrong test, got the test from Cornell wrong. That is a question of law, pure question of law, that's reviewed de novo. And we know that the district court got the test wrong, or at least believe that Cornell changed the restatement test instead of adopting it, because that's what the district court said. The district court said Desert Financial satisfied the restatement test under restatement three and the totality, but there's this additional requirement, and that's a pure legal error. But, you know, this was certified to the Arizona Supreme Court, and they get the last word, not us, on what Arizona law is. And what the sentence says is, at minimum, reasonable notice requires that the initial terms or the notice of the proposed modification expressly indicate the consumer's ability to opt out. The notice of the proposed modification, the notice of the proposed modification is the banner, and the banner does not expressly indicate the consumer's ability to opt out. Well, I disagree that the notice of the proposed modification is limited to the banner. That's for Statement Section 3, Comment 3. That says what the notice is is assessed under the totality of the circumstances. It's not a single disclosure. It's the entirety of the disclosure. In your view, what constitutes the notice? The banner plus what? The notice is the information that Desert Financial provided to consumers. And what was that information? Be specific. In your view, what was the notice that was given of the change in terms? The banner? Correct. Plus what? Plus all of the information accessible via the link desertfinancial.com. So if Ms. Cornell had clicked on that link, what would have come up? A page. It's the disclosure page at Desert Financial that lists the various disclosures applicable to the account. The Statement of Terms and Conditions is the third link. And the opt-out is where? So then if you go to the terms themselves, the opt-out is in the dispute resolution provision, which is the specific section that Desert Financial told its members that they should review as part of this change to learn additional information. So, counsel, your argument, in my opinion, your argument would be a little stronger if you clicked on the link and another banner came up saying you have the right to opt out or some similar language. But for the link to include a number of terms, the opt-out provision with among them, I'm not sure that that's reasonable notice. I understand that, Judge Rawlinson. I'll say that the district court looked precisely at this. And something interesting about the district court opinion is that when talking about the notice of the proposed modification, whether there was a reasonable notice of the proposed modification, the district court looked at all of these factors. It looked at how simple and easy it was to type in desertfinancial.com slash disclosures. It looked at how easy it was to then navigate to the terms and conditions. That's not what the Arizona Supreme Court said in terms of what reasonable notice is. That's the problem. You have to have express. And if you have to navigate to get the information, I'm not sure that meets the definition of being express notice. Well, if you look at the dispute resolution provision, which the banner directs consumers to read, it says read the dispute resolution provision. If you look at the dispute resolution provision, which, again, the district court said he could not envision how a reasonable consumer directed to this provision by the banner could miss it.  Correct. But your argument, you would win if what this sentence says is that it requires that the proposed modification expressly indicate the consumer's ability to opt out. Because you've met that here. The proposed modification clearly expresses the opt. But they said the notice of the proposed modification, which is something other than the proposed modification, and here it's the banner. Respectfully, Judge Collins, I disagree for two reasons. The first reason is that's not what the restatement under the restatement, Section 3, the notice of the proposed modification is the information provided to consumers. Counsel, we have to go with what the how the Arizona Supreme Court interpreted the restatement because that's what they said they were relying on to address this issue. When we ask when we as a court ask a state court to answer a question, we tell them we will follow your ruling. We are bound by your ruling. And so we are bound by the state court's interpretation of the restatement. And I understand that you have a different interpretation of the restatement, but we have to go by what the Arizona Supreme Court said. I understand that. But my position is that the error was construing this sentence as modifying the restatement test. And let me tell you why. This section, this sentence at issue, if you look at it, it cites Restatement 3A. That's the support for this sentence. It appears in Section 2B of the opinion where the Arizona Supreme Court is explaining all of the reasons why it is adopting the restatement. We adopt the restatement. This is paragraph 25, the beginning of Section 2B. We adopt the restatement because Restatement Section 3's position, I'm quoting here, merits our adoption. It sets forth sound. It's consistent with Arizona contract law and sets forth sound public policy. And so our position is it was error to construe a sentence citing the restatement in a section about all of the reasons the Arizona Supreme Court is adopting the restatement. But here's the problem with your argument, counsel. If a court says it's adopting the restatement, it still maintains the right to interpret that restatement in a way that it is of the view it's consistent with its law. So it doesn't have to adopt the restatement verbatim. It can adopt the restatement principles and then interpret those principles in such a way as to complement its law. No doubt, Judge Rollins. That's how I see this sentence. It's not misinterpreting the restatement. It's just the Arizona court's interpretation of how the restatement works under its law. There's no question, Judge Rollinson, that the Arizona Supreme Court could have modified the restatement test, added a requirement. I don't disagree with that. The question is whether it did. And we have to go by what it said. That sentence says what it says. Sure. And that sentence does not say that the notice of proposed or adding additional requirement to what the notice of proposed modification is. It doesn't have to say that. All it has to say is what it says. And that's the rule of law. But if under the restatement, if under restatement section 3, comment 3, what the notice is, is assessed under the totality of circumstances, if what the notice is looks at things like the clarity, sequence, flow of information, the simplicity with which you identified the terms, the totality of the consumer's interactions with the businesses, the restatement is saying the notice of the proposed modification is not one single disclosure. The Arizona Supreme Court considered all of that that's in the restatement and came up with this sentence. Yep. I agree. And I — we are applying that sentence, I guess is what I would say, Judge Rollinson. And I would — what I'd say is when you're looking and applying that sentence, which says at a minimum the notice of the proposed modification must have express notice of the opt-out, what the notice of the proposed modification is, is determined and adjudged by what the restatement says the notice of the proposed modification. But, you know, I'm — I'm not sure I agree with your assertion that that sentence changes the restatement because, you know, under your view, you could just erase A2 and really nothing would change in the real world because so long as there is an opt-out in the agreement itself, the notice of opt-out is automatically satisfied. And then there's — in the relevant discussion in the restatement, which is — is paragraph 4, and then the three examples, 8, 9, and 10, there's no example that supports what you're saying. I mean, there's none that goes the other way either. But it doesn't help us on this point. So one point, if I can answer the question and reserve the rest of my time for rebuttal, I disagree that we're suggesting anything changes the restatement's test itself. You obviously have to give reasonable notice under A2 of the right to opt-out. And the district court in this case held that if the restatement's test applied, we would have satisfied that test because the banner was so obvious, it directed to the terms, and then there was express notice in plain day, in cap — all-caps letters, you may opt-out. You do not have to agree to this arbitration provision. The district court believed that was reasonable notice under A2. The district court just believed that there was this additional requirement that Cornell added. That's our position that that was the legal error, which this Court reviews de novo. And I'll reserve the rest of my time.  Thank you, counsel. Good morning. Your Honors, may it please the Court. Good morning. I'm Steven Haskins for Eve Cornell. I agree with you on Section 3A. And I'm not sure if you want me to address it. If you would like me to address 3B, I can address 3B. Or if you don't want me to address 3B, I'm willing to submit. Well, what's your response to his argument that, look, it's clear that in assessing whether the notice is reasonable, you look at all the circumstances. And that test clearly applies both to A1 and to A2.  And so that would suggest that you can look at both the banner and the attachment in assessing the reasonableness of the notice. What's your response to that? I just think you have to go right back to the Arizona Supreme Court. The Arizona Supreme Court was very clear about what express notice is in Arizona. Another Supreme Court may have come up with a different formulation of what reasonable notice might have been. But that's what worked for Arizona. Arizona created a law for Arizona, not just for this case, but for this case and all cases going forward. And that's what Arizona law said is the minimum that you have to do. And so that's my response. And that's what we've always thought 3A comes down to, is that the Cornell decision defined express notice, and they didn't get it. What is your response on 3B? On 3B, I think it's really just another – it's just another textual issue. Section 3B says that a business can establish a contract for, quote, a reasonable procedure for the adoption of modified terms, but there's no real procedure in the initial terms. Desert just says notice will be provided by law, but it doesn't say how or when. And at best, if Desert is going to provide notice required by law, that means it has to satisfy Cornell. So right there, its 3B argument fails. There's an exception to Section 3B, and that says if a business adopts a procedure in its additional terms, which it didn't do, but if it had, it can, quote, replace – replace meaning swap out, do away with, change, take out and put back in – the reasonable opportunity to reject the proposed modification with a reasonable opportunity to terminate the transaction. That's not what they did. They did not attempt to replace. They attempted to create an opt-out. And having attempted to create an opt-out under 3A, they were within 3A. What if the opt-out provision would have been a termination? Well, the opt-out wouldn't have been a termination at all. The opt-out would have meant that the consumer would have continued staying with Desert, but not under that particular term. A termination is the opposite. A termination says we don't want you to be our customer anymore. Of course, that's not what businesses really want. So, you know, they're generally going to do more opt-outs than terminations, and that's what Desert Financial did here. So we think Section 3B, their argument is really just sort of a post-facto argument, and that judge lines have recognized this, that they failed under 3A. They wanted to find recourse under 3B, and it's just not there because they didn't try to replace the opt-out. And honestly, that's all I have. I'm happy to answer any more questions or yield. If there are no other questions, thank you, counsel. Thank you. Rebuttal? We'll give you two minutes for rebuttal since opposing counsel was so generous with his time. Thank you, Judge Rawlinson. I appreciate that. I just have a couple points on rebuttal, the first of which is you just heard from opposing counsel. They don't dispute their position, their construction of Cornell as it changes the restatements test. And that's why I go back to the first error we contend the district court made. That's what the district court constituted as well, and that is an odd way to read Cornell. In a section about why the Supreme Court is adopting the restatement because it sets forth sound public policy, in a sentence that cites to Restatement 3A, that is an odd way to read that sentence and that section of the opinion to alter the restatements test and add an additional requirement. The second point I want to discuss briefly is 3B. There was a 3B modification procedure in the initial terms. The terms said that Desert Financial may update these terms and we will provide you notice. By continuing to maintain your accounts at Desert Financial after such changes occur, you agree to be bound by these changes. That expressly tells consumers that if they do not want to agree to a modification, they can terminate their accounts. That's why the Arizona Supreme Court in paragraph 17 determined that Plaintiff, quote, was free to terminate her accounts with Desert Financial at any time. So the only other question then is whether 3A, the argument you heard today, that 3A and 3B have to be mutually exclusive because of this replace language. All 3B does is it doesn't derogate from A. It just says you can the rule in A is modify, that you can replace the opt-out requirement and the notice of opt-out with a termination. But this doesn't invoke that because you don't have it as a termination in the language that is here. And so, therefore, why is 3B relevant at all? I see my time has expired. Can I? Please answer. 3B under Cornell, under the sentence we've been talking about, says that the notice can appear in the initial terms or the notice of the proposed modification. And this was the error the district court made in saying. Well, that seems to go more to this citation to the Miracle Pond case. But I didn't see where you're claiming that you fit Miracle Pond. This is the first paragraph of the Desert Financial's terms and conditions, the initial terms that plaintiff agreed to when she opened her account. It said Desert Financial may change these terms at any time. We will provide you notice when we do. By continuing to maintain your accounts at Desert Financial after such changes occur. Correct, but there's no opt-out there. In Miracle Pond, there was an opt-out included in the original agreement. And that's the point, is that you're outside. You'll meet 3A if you had it in the original with the opt-out, but you didn't. Well, respectfully, Judge Collins, I disagree that we needed to have an opt-out under 3B. The entire point of 3B is that. Maybe I'm confusing things, because I'm actually kind of going back to the 3A issue. Okay. So, I mean, my view is under 3B, we have the procedure in the initial terms. It says you can terminate upon an update. That's why the Arizona Supreme Court said that she was free to terminate at any time. And with respect to the argument that they have to be mutually exclusive, that's inconsistent with the restatement, which says you may replace the opt-out with a termination procedure. Not that you have to replace the opt-out with a termination procedure. You can have both at the same time. That's not how this was presented, though. It wasn't presented as a termination. It was presented as a notice of change of terms. Well, correct. But under 3B, to Judge Collins' question earlier, you can't derogate from 3A, other than you can get rid of the opt-out with a termination procedure. As Cornell says, that termination procedure, the notice of that can be the initial term. So what I mean is we had to provide notice either way, under 3A or 3B, under the requirements of the restatement. All right. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, COLLINS, Fitzwater